IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| MARCUS HILL, #135 051 | * | |
| Plaintiff, | * | |
| v. | * | 2:10-CV-1077-TMH (WO) |
| OFFICER WALTERS, *et al.*, | * | |
| Defendants. | * | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This matter is before the court on Plaintiff's complaint filed under the provisions of 42 U.S.C. § 1983. Plaintiff is currently confined at the Limestone Correctional Facility. Plaintiff complains about matters which he asserts have occurred at this facility as well as at the Bibb County Correctional Facility. Limestone Correctional Facility is located in Harvest Alabama, and Bibb County Correctional Facility is located in Brent, Alabama. Both correctional institutions are located within the jurisdiction of the United States District Court for the Northern District of Alabama.

Upon review of the factual allegations presented in the complaint, the court concludes that this case should be transferred to the United States District Court for

the Northern District of Alabama pursuant to 28 U.S.C. § 1404.[1]

## DISCUSSION

A civil action filed under authority of 42 U.S.C. § 1983 "may . . . be brought . . . in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b). The law further provides that "[f]or the convenience of parties and witnesses, [and] in the interest of justice, a district court may transfer any civil action to any other district . . . where it might have been brought." 28 U.S.C. § 1404(a).

The named defendants reside in the Northern District of Alabama. All of the actions about which Plaintiff complains occurred at facilities located within the jurisdiction of the United States District Court for the Northern District of Alabama.[2]

---

[1] In light of the 1996 revisions to 28 U.S.C. § 1915 and under the circumstances of this case, this court makes no ruling on Plaintiff's motion for leave to proceed *in forma pauperis* as the assessment and collection of any filing fee should be undertaken by the United States District Court for the Northern District of Alabama.

[2] In so ruling, this court does not preliminarily scrutinize the merits of Plaintiff's complaint against the named parties.

Thus, it is clear from the face of the complaint that the proper venue for this cause of action is the United States District Court for the Northern District of Alabama.

In light of the foregoing, the court concludes that in the interest of justice and for the convenience of the parties this case should be transferred to the United States District Court for the Northern District of Alabama for review and determination.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be TRANSFERRED to the United States District Court for the Northern District of Alabama pursuant to the provisions of 28 U.S.C. § 1404.

It is further

ORDERED that on or before **January 19, 2011** the parties are DIRECTED to file any objections to the said Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from

attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 5th day of January, 2011.

　　　　　　　　　　　　　　/s/Charles S. Coody
　　　　　　　　　　　　　CHARLES S. COODY
　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE